UNITED STATES BANKRUPTCY COURT  NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:  Chapter 11

FLAG TELECOM HOLDINGS LIMITED, *et al*.,  Case No. 02-11732 (ALG)

                            Debtors.  Jointly Administered
------------------------------------------------------------------x
THE BANK OF NEW YORK

                            Plaintiff,

      -against-  Adv. Proc. No. 05-03188 (ALG)


FLAG TELECOM GROUP LIMITED, FLAG
ASIA LIMITED, FLAG TELECOM ASIA LIMITED,
FLAG TELECOM TAIWAN LIMITED and
FLAG TELECOM JAPAN LIMITED,

                            Defendants.
------------------------------------------------------------------x

**OPINION ON MOTION FOR SUMMARY JUDGMENT**

A P P E A R A N C E S:

BRYAN CAVE LLP
Counsel for Plaintiff
  By:  Dennis C. Fleischmann, Esq.
       Christine B. Cesare, Esq.
       Howard M. Rogatnick, Esq.
1290 Avenue of the Americas
New York, New York 10104-3300

GIBSON, DUNN & CRUTCHER LLP
Counsel for the Debtors
  By:  Craig H. Millet, Esq.
       M. Natasha Labovitz, Esq.
       Michelle M. Craven, Esq.
200 Park Avenue
New York, New York 10166

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

In this adversary proceeding, plaintiff Bank of New York ("BONY") seeks an award of legal fees and expenses, most of which have been incurred in connection with a related adversary proceeding, *FLAG Telecom Holdings, Ltd. v. Kensington International, Ltd.*, No. 03-6712 (the "Kensington Case"). BONY has moved for summary judgment.

This Court has this date issued a decision in the *Kensington* case, which is on remand from the District Court, adverse to the holders of the Notes ("Notes") for which BONY serves as indenture trustee. This is the second such motion that this Court has granted in favor of FLAG. Nevertheless, even though a prior motion was granted in favor of FLAG, the Court found that BONY was entitled to its reasonable legal fees and expenses in connection with the litigation, and such fees were paid pursuant to a stipulation entered into by the parties. Although the District Court later vacated the grant of summary judgment and remanded, nothing in the District Court's opinion suggests that BONY's reasonable fees and expenses should not be paid.

In its opposition to the present motion, FLAG has offered no principled reason why BONY's subsequent reasonable legal fees and expenses should not also be paid. FLAG refers vaguely to the operation of "Sections 12.06 vs. 9.07" of the Indenture pursuant to which the Notes were issued. (FLAG Memo at p. 2.) Section 12.06 grants BONY the right to payment of its reasonable fees and expenses. Section 9.07 does not preclude such payment but provides for certain rights in circumstances that are not present here – for example, if suit is brought to enforce provisions of the Indenture by a party other than the Indenture Trustee or the holders of less than 5% of the principal

amount of the Notes.  This Court has already held that section 9.07 of the Indenture does not apply to the underlying litigation (see Supplemental Op. in 03-6712 dated 5/12/05). It has also stated on the record that any rights that FLAG has to claim over against the Kensington parties for legal fees and expenses does not affect BONY's right to payment of its reasonable fees and expenses.

FLAG's only serious defense to payment of the fees and expenses is that they are not reasonable.  FLAG's contention that reasonableness can never be determined on a motion for summary judgment is specious given that it has asked the Court to grant it summary judgment in the *Kensington Case* after applying a rule of reasonableness to certain uncontested facts, in accordance with the District Court's opinion.   On the other hand, the amount of BONY's fees and expenses, $433,000, is very substantial, especially when compared to $205,000 incurred from the inception of the dispute through January 31, 2005.  A court cannot evaluate reasonableness in the abstract, and BONY has not given the Court a sufficient breakdown of the expenses and the purposes for which they were expended.  Its contention that its bills constitute "accounts stated" fails in light of the ongoing litigation between the parties.

In order for the Court to make a determination as to reasonableness, BONY must break down its total bill by subject matter as well as by individual.  It should follow, to the extent practical, this Court's Amended Guidelines for Fees and Disbursements for Professionals, which require fee applications to group categories of expense.  An amended fee application should be served and filed within 30 days.  FLAG may then have 30 days to object to specific fees and expenses or categories thereof.  The parties should also meet and confer and attempt to resolve all outstanding disputes.  If an agreed

amount cannot be fixed amicably, the parties are directed to provide a joint submission to the Court so that any remaining disputes can be expeditiously determined.  Moreover, a reserve can be established to account for any counterclaims that FLAG has against BONY.

    BONY should settle an order on five days' notice.

Dated: New York, New York
       October 23, 2006

          */s/ Allan L. Gropper*
        UNITED STATES BANKRUPTCY JUDGE