UNITED STATES BANKRUPTCY COURT  **NOT FOR PUBLICATION**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                              Chapter 11

FLAG TELECOM HOLDINGS LIMITED, *et al.*,           Case No. 02-11732 (ALG)

                              Debtors.                     Jointly Administered
-------------------------------------------------------------------x
THE BANK OF NEW YORK

                              Plaintiff,

    -against-                                            Adv. Proc. No. 05-03188 (ALG)

FLAG TELECOM GROUP LIMITED, FLAG
ASIA LIMITED, FLAG TELECOM ASIA LIMITED,
FLAG TELECOM TAIWAN LIMITED and
FLAG TELECOM JAPAN LIMITED,

                              Defendants.
-------------------------------------------------------------------x

**MEMORANDUM**

A P P E A R A N C E S:

BRYAN CAVE LLP
Counsel for Plaintiff
  By:  Dennis C. Fleischmann, Esq.
        Christine B. Cesare, Esq.
        Howard M. Rogatnick, Esq.
1290 Avenue of the Americas
New York, New York 10104-3300

GIBSON, DUNN & CRUTCHER LLP
Counsel for the Defendants
  By:  Craig H. Millet, Esq.
        Michelle M. Craven, Esq.
        Susan M. Brake, Esq.
200 Park Avenue
New York, New York 10166

Plaintiff Bank of New York ("BNY") has moved for summary judgment on its fee application, seeking $472,032.45 in fees and $32,831 in costs and expenses incurred from February 2005 through November 2006 in connection with an adversary proceeding, *FLAG Telecom Holdings, Ltd. v. Kensington International, Ltd.*, No. 03-6712.  That proceeding recently concluded with the District Court's affirmance of this Court's grant of summary judgment to FLAG as against the claims actively pursued by other parties, Kensington International Limited and Elliott Associates, LP. *Flag Telecom Holdings Ltd. v. Kensington Int'l Ltd.*, 2007 U.S. Dist. LEXIS 39287 (S.D.N.Y. 2007).  There has apparently not been a further appeal.  Defendants FLAG Telecom Group Limited, *et al* ("FLAG") object to the fee application.

BNY initially moved for payment of its fees in connection with this matter in 2006.  FLAG objected and by order dated October 23, 2006, BNY was directed to submit a revised fee application which "breaks down its [counsel's] total bill by subject matter as well as by individual."  The order provided that FLAG could object to specific parts of the amended fee application, and, if the parties were unable to resolve the dispute, that they should provide a joint submission which specifically identified the objected-to fees and the relevant responses.

The parties have not completely followed the Court's October directive.  Instead, BNY submitted an appropriately revised fee application (the "New Fee Application"), FLAG submitted an opposition, BNY then submitted a reply, FLAG then submitted a surreply, and BNY submitted a letter.  In any event, the Court has been able to review the fee request in detail.

FLAG has never disputed BNY's right to recover reasonable attorneys' fees in connection with the adversary proceeding. Its objection has been grounded on the allegation that the fees are unreasonable. Upon the Court's review, it appears that counsel to BNY used as a lodestar its attorneys' regular rates, which in the Court's experience are no higher than and may be slightly lower than other New York City law firms of similar quality. *See Wells v. Bowen*, 855 F.2d 37, 43 (2d Cir. 1988). Although FLAG argues that much of the work was duplicative and "excessive," most of its objections are not well taken. The Court is fully familiar with the litigation represented by the adversary proceeding, and it is satisfied that the time spent by counsel for BNY was appropriate in light of the position of its client and the bondholders that its client represented. BNY at all times left the active litigation to others, and it did not prolong a lawsuit commenced by FLAG to protect itself against action taken by other parties. As a general matter, there was no duplication of effort or any attempt to increase costs by pursuing arguments made by other counsel. BNY attempted to protect the interests of the bondholders as a group in event that litigation actively pursued by certain individual bondholders succeeded, and since it had reason to do so, it should not be penalized because the litigation proved unsuccessful. FLAG does not argue to the contrary.

Examining the specific disputes relating to allegedly duplicative fees, FLAG objects to substantial fees incurred in connection with a dispute over the release of collateral. If fees were incurred, they were due in part to aggressive litigation on FLAG's part, and BNY had a particular responsibility to protect the collateral. The parties eventually cooperated in connection with the release of collateral. FLAG also objects to the time BNY spent on an appeal from the Court's initial grant of summary judgment, but

3

that appeal was successful. In any event, BNY was entitled to be represented in connection therewith. If BNY incurred substantial fees litigating its fees, part of the reason relates to FLAG's decision to litigate which, as concluded herein, was largely mistaken. Moreover, BNY has justified about $25,000 in fees spent on a procedural motion, *see* Ex. D to FLAG's Opp'n, and this portion of the objection is overruled.

FLAG is on stronger ground in its complaint that counsel for BNY has failed to provide adequate documentation of the work performed so as to give the Court assurance that there was no excessive time spent, and in its complaint that there was a failure to delegate ministerial tasks relating to the fee application to associates or legal assistants. FLAG has provided significant detail as to the vagueness of many of the time descriptions, as to the "lumping" of time entries, and as to the time spent on internal conferences and calls. Certain time was spent on clerical tasks and on matters not involving the above-captioned proceedings, and a small amount of time was misreported. (*See* Ex. B and charts on p. 6 of FLAG's Resp. and Objection dated January 23, 2007.) BNY's actions cannot be wholly justified by the fact that FLAG's counsel apparently used billing conventions that were just as vague and ran up much larger fees for "internal conferences" and the like. Under all of the circumstances, BNY's request for $472,032.45 should be reduced by $45,000 to account for the above.

The claim for costs and expenses is granted in full with one exception. FLAG has a specific objection to $20,035 of "administrative cost[s]" that BNY incurred as "Collateral Trustee" from October 2005 to October 2006, arguing that reimbursement of this expense was not initially sought and is not provided for in any contractual arrangement between the parties, and that this expense was not scheduled in the New Fee

4

Application.  BNY has produced a bill for this charge but no contractual support for it. Since the fees were not incurred in connection with the adversary proceeding, this charge is denied without prejudice.

FLAG also argues for a reduction in any fees awarded BNY on account of a counterclaim, which appears based on the premise that BNY was obligated to hold certain escrowed funds in an interest-bearing account and that FLAG was damaged as a result of FLAG's failure to do so.  FLAG has never explained the basis for its assertion that BNY was obligated to hold the funds in an interest-bearing account or the nature of FLAG's interest in the account, as it appears that FLAG was at best an unintended, incidental beneficiary of the funds (they were supposed to be paid to bondholders).  In any event, if the parties wish to litigate this last issue or any other issue that would delay entering a final decree in these ancient Chapter 11 cases, they are directed to provide to the Court, within 30 days, submissions setting forth their respective positions, including whether they wish to submit the issue on papers or proceed to an immediate trial.  In either case supporting legal authority should be supplied.  In the meantime, BNY may settle an order on five days' notice providing for payment of its fees to the extent authorized by this memorandum.

Dated: New York, New York
       July 16, 2007

                                        /s/ Allan L. Gropper            _
                                        UNITED STATES BANKRUPTCY JUDGE